IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

MARK GORDON,                                    CASE NO.: 2019 10466 CIDL

    Plaintiff,
v.

DELTRAN OPERATIONS USA, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL[1]

Plaintiff, MARK GORDON (Plaintiff or "Mr. Gordon"), by and through undersigned counsel, files this Amended Complaint against Defendant, DELTRAN OPERATIONS USA, INC. ("Defendant" or "DU"), and states as follows:

### NATURE OF THE SUIT

1.    This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff was a non-exempt employee who primarily performed quality control production functions for Defendant.

3.    Defendant is a Florida Profit Corporation located in Volusia County, Florida, and who, at all times relevant, operated a business in Volusia County, Florida.

---

[1] The Complaint is amended only to correctly identify the appropriate Defendant.

1

4. Jurisdiction and Venue are proper in this Court, as the actions giving rise to this lawsuit arise out under federal law, and occurred in Volusia County, Florida.

5. Plaintiff is seeking in excess of $15,000.00, inclusive of attorneys' fees and costs.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

10. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as medical and office equipment.

11. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without clerical employees like Plaintiff.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant from March 18, 2013, through June 29, 2018.

13. Defendant misclassified Plaintiff as an exempt employee when, the true nature of Plaintiff's job duties and responsibilities were of a non-exempt production-based employee.

14. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

15. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

16. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

17. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

18. Prior to Plaintiff's employment Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

19. Prior to Plaintiff's employment, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

20. Prior to Plaintiff's employment, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

21. Based on the allegations in Paragraphs 18-20 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

22. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

23. Plaintiff reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

24. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

25. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time and one-half compensation for all hours worked.

26. Plaintiff is not an exempt employee as defined by the FLSA.

27. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 20th day of March 2019.

Respectfully Submitted,

By: **/s/ NOAH STORCH**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Ste 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 19th day of March 2019, using the E-filing Portal and will serve the Registered Agent by process server as required.

**NOAH STORCH, ESQ.**
Noah Storch, Esq.



**LAURA E. ROTH**
CLERK OF THE CIRCUIT COURT

SEVENTH JUDICIAL CIRCUIT - VOLUSIA COUNTY
P.O. BOX 6043 DELAND, FLORIDA 32721-6043 - WWW.CLERK.ORG

Filing #:86664775
Filer:Noah E. Storch
Payment:$10.00

1 Filing Fee: $0.00
2 Summons Issuance: $10.00
3 Amended Documents Amended Complaint/Petition: $0.00
4 Complaints/Petitions Request that Summons be Issued: $0.00

*This document is a Clerk generated receipt.  This  page was not included in the original court document submitted by the filer.*