**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| MARK GORDON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 6:19-cv-654-Orl-40LRH ) |
| DELTRAN OPERATIONS USA, INC., a Florida profit corporation, | ) ) ) |
| Defendant. | ) ) ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND DISMISSAL OF THE CASE WITH PREJUDICE**
**AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, MARK GORDON ("Plaintiff" or "Gordon"), and Defendant, DELTRAN OPERATIONS USA, INC., ("Defendant" or "Deltran") (Plaintiff and Defendant are collectively the "Parties"), by and through their respective undersigned counsel jointly request that this Court approve the Parties' settlement and dismiss the above captioned matter with prejudice, and in support thereof state as follows:

1. On or about March 20, 2019, Plaintiff filed an Amended Complaint[1] against Defendant, seeking the payment of unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (Doc. 1). Specifically, Plaintiff alleges Defendant misclassified Plaintiff as exempt from recovering overtime payment for hours worked over forty (40) per work week. Defendant disputes Plaintiff's claims.

---

[1] Plaintiff filed the original Complaint on or about March 11, 2019. (Doc. 1). Plaintiff filed the Amended Complaint only to correctly identify the appropriate Defendant. *See id.*

2. As the Parties previously notified the Court based on the filing of the Notice of Settlement (Doc. 14), the Parties have successfully come to an agreement to resolve their disputes as to Plaintiff's FLSA claim. The Parties now seek approval from the Court of the settlement agreement for Plaintiff's unpaid overtime wages claim, and dismissal of Plaintiff's claim with prejudice. The unpaid overtime wages settlement agreement is attached as *Exhibit A*.

3. The settlement agreement provides Defendant will pay Plaintiff as follows:

- $1,750.00, made payable to Mark Gordon as and for back pay;

- $1,750.00, made payable to Mark Gordon as and for liquidated damages allegedly due to him; and

- $3,000.00, made payable to Richard Celler Legal, P.A., as attorneys' fees and costs.

4. As described more fully below, the Parties agree this is a fair and reasonable settlement of a bona fide dispute.

5. The Parties respectfully suggest good cause has been shown as they seek approval of this settlement and dismissal of this case with prejudice.

## **MEMORANDUM OF LAW**

**A.  Standard of Review.**

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to

employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement:
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits:
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007) (citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

**B. There Is a Bona Fide Dispute as to Plaintiff's FLSA Claims and the Relevant Criteria Support Final Approval of the Settlement.**

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the

employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

## Nature of the Dispute

Plaintiff worked as a Quality Control Manager for Defendant. Plaintiff alleges that the nature, structure and duties of the Quality Control Manager job rendered Plaintiff a non-exempt employee under the FLSA. Plaintiff, therefore, claims that Defendant failed to pay Plaintiff overtime compensation for all hours worked over forty (40) per work week. Thus, Plaintiff seeks damages for back pay.

Defendant denies Plaintiff's allegations that Plaintiff was a non-exempt employee and contends that no amounts are due and owing. Specifically, Defendant argues Plaintiff was properly classified as exempt under one or more exemptions, including but not limited to the administrative exemption. *See* 29 U.S.C. §213(a)(1); 29 C.F.R. §§541.100 *et seq*.).

Plaintiff was paid on a salary basis with no additional pay for hours worked in excess of forty (40) in a work week. Plaintiff contends he regularly worked in excess of forty (40) hours in a work week; Defendant does not concede Plaintiff worked in excess of forty (40) hours in a work week. Plaintiff contends he should have been paid overtime for all work in excess of forty (40) hours worked in a work week; Defendant contends no overtime pay is due to Plaintiff. The Parties agree that there are no records that show exactly how many hours Plaintiff worked in any work week. This lack of documentation results in substantial uncertainty and disagreement regarding the number of hours worked by

Plaintiff in each week of his employment during the relevant time period.

## Summary of the Settlement

After considering the above dispute, the Parties agreed to a settlement of Plaintiff's claims. The Parties have exchanged pay records and made calculations regarding back pay assuming Plaintiff was a non-exempt employee under the FLSA. Under the settlement, Plaintiff will receive wages for alleged time spent over and above forty (40) hours in a week and an equivalent amount for liquidated damages. In discussions between the parties, Plaintiff claimed he worked approximately two and one-half (2.5) hours of overtime per work week. Defendant has agreed to pay Plaintiff back pay in accordance with this assumption. Thus, the wages paid to Plaintiff equate to working approximately two and one-half (2.5) hours of overtime per work week, beginning March 11, 2017 through Plaintiff's resignation from employment. Plaintiff and Defendant agree that the "fluctuating work week" method of calculating damages is appropriate pursuant to 29 C.F.R. §778.114. Under the fluctuating work week method, the "regular rate" is based on the weekly salary divided by the total number of hours worked in that particular work week, and one-half of the regular rate is due for any hours worked in excess of forty (40) in a work week.

This settlement fully compensates Plaintiff for the time he claims he worked over and above forty (40) hours in a work week as a non-exempt employee. Moreover, the settlement agreement provides that Defendant will pay a total of $3,000.00 to Plaintiff's counsel as attorneys' fees and costs which were negotiated and agreed upon separately from the amount Plaintiff is receiving. The Parties agree that this is a reasonable resolution of Plaintiff's claims, especially because Defendant has agreed to pay Plaintiff all overtime wages

allegedly due, as calculated by Plaintiff, and because the FLSA settlement agreement does not contain a broad general release, a confidentiality provision, or a non-disparagement provision. *See* FLSA Scheduling Order, ¶ 11 (Doc. 8).

### The *Leverso* Factors

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees*, 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is unresolvedly close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id*. at 1244. Here, the Parties agree that there is a bona fide dispute as to whether Plaintiff was an exempt or non-exempt employee. The Parties also agree that there is a dispute as to how many times and for how long Plaintiff worked over (40) hours in a work week.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both Parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. Plaintiff was represented by Noah Storch and Richard D. Guadagnolo of Richard Celler Legal, P.A. and Defendant was represented by Alicia M. Chiu and Amy G. Fudenberg of Jackson Lewis P.C. All counsel involved in this case have extensive experience in litigating claims under the FLSA, including claims for unpaid overtime wage compensation. Each counsel was obligated to, and did, vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also support approval of this settlement. The Parties continue to disagree over the merits of the claims Plaintiff asserted. As explained above, Plaintiff contends Defendant failed to pay him for hours he worked over and above forty (40) hours in a work week. Defendant maintains that Plaintiff was exempt from the FLSA under the administrative and/or other exemptions and that Plaintiff was fully and properly compensated for all hours worked. Moreover, the Parties agree that there are no records that show exactly when Plaintiff worked over forty (40) hours per week. If the Parties continued to litigate this matter, they would be forced to engage in additional discovery, possible motion practice, and ultimately a costly trial to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchange of information to allow counsel and the Parties to make well-reasoned decisions in this matter. The Parties have exchanged relevant information pertaining to the factual basis for the claims and defenses in the matter. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Plaintiff's probability of success on the merits is uncertain, further suggesting that this settlement is fair and appropriate. As noted, Defendant maintains that Defendant properly paid all wages owed to Plaintiff. The range of possible recovery by Plaintiff also is open to dispute. Even if Plaintiff succeeds on the merits of his claim, which would require substantial additional time and exercise of resources by both Parties, the exact amount of his

recovery is uncertain. It will be difficult for Plaintiff to prove the precise number of overtime hours worked. In light of the uncertainty of the amounts, if any, Plaintiff would recover if he were to continue litigating his claims, the Court should find that the settlement is fair and reasonable.

Finally, all Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. For all these reasons, the Court should find that the settlement is a fair and reasonable settlement of a bona fide dispute.

### C. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms*, 2006 U.S. Dist. LEXIS at *6-7; *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms*, 2006 U.S. Dist. LEXIS at *5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiffs' counsel where both parties stipulate as to the reasonableness of the attorney's fees. *See Helms* at 12 ("The FLSA does not require the court to assess the fairness of the agreed payment of attorney's fees in settling an individual action."). Here, the Parties stipulate that the proposed fees to Plaintiff's counsel are reasonable and were negotiated separately from and without regard to the amount being paid to Plaintiff under the terms of the settlement agreement. *See*

*Bonetti v. Embarq Mgmt.*, Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (concluding there is no reason to assume the attorneys' fee influenced reasonableness of settlement when attorneys' fees were negotiated separately and without regard to amounts being paid to plaintiff on a compromised FLSA claim). Therefore, the Parties request that this Court find the proposed attorneys' fees reasonable.

**D.     Conclusion**

As demonstrated above, the settlement terms are fair, reasonable and adequate. Thus, the Parties hereby jointly stipulate that the case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a), upon approval of the settlement by the Court as requested above, and for the Court to retain jurisdiction in order to enforce the terms of the settlement agreement if needed.

WHEREFORE, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement; (ii) APPROVE the settlement outlined in this motion and the attached settlement agreement; and (iii) GRANT such further relief as the Court deems appropriate.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 11th day of June, 2019.

Respectfully submitted,

| | |
|---|---|
| RICHARD CELLER LEGAL, P.A. | JACKSON LEWIS P.C. |
| 10368 W. State Road 84, Suite 103 | 390 N. Orange Avenue, Suite 1285 |
| Davie, Florida 33324 | Orlando, Florida 32801 |
| Telephone: (866) 344-9243 | Telephone:  (407) 246-8440 |
| Facsimile: (954) 337-2771 | Facsimile:  (407) 246-8441 |
| | |
| By:  */s/ Noah E. Storch* | By:  */s/ Alicia M. Chiu* |
|   Noah E. Storch |   Alicia M. Chiu |
|   Florida Bar No. 0085476 |   Florida Bar No. 0058366 |
|   noah@floridaovertimelawyer.com |   alicia.chiu@jacksonlewis.com |
| | |
|   Richard D. Guadagnolo |   Amy G. Fudenberg |
|   Florida Bar No. 109104 |   Florida Bar No. 1011312 |
|   rich@floridaovertimelawyer.com |   amy.fudenberg@jacksonlewis.com |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant, DELTRAN USA, LLC |

4819-3930-7160, v. 1