# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARK GORDON,**

    **Plaintiff,**

**v.**        Case No: 6:19-cv-654-Orl-40LRH

**DELTRAN OPERATIONS USA, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF THE CASE WITH PREJUDICE (Doc. 15)
>
> **FILED:** June 11, 2019
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

The Plaintiff filed a one-count complaint in state court, alleging violations of the overtime wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. (Doc. 1-1 at 4-5). More specifically, the Plaintiff alleges that that he regularly worked for the Defendant in excess of 40 hours per work week, but the Defendant misclassified him as an exempt employee and, in turn, failed to pay him overtime wages. (*Id.* at ¶¶ 13-16).

The Defendant removed the case to this Court on April 5, 2019 (Doc. 1), and an FLSA Scheduling Order issued on April 15, 2019 (Doc. 8). The parties settled the case prior to the Plaintiff responding to the Court's FLSA Interrogatories. (Doc. 14).

On June 11, 2019, the parties filed a joint motion to approve their settlement agreement, (Doc. 15 (Motion)). They attached a copy of their settlement agreement to the motion (Doc. 15-1 (Agreement)). Under the Agreement, the Plaintiff will receive $1,750.00 in unpaid wages, $1,750.00 in liquidated damages, and $3,000.00 in attorney fees and costs in exchange for releasing any and all FLSA claims that the Plaintiff may have against the Defendant as of the date the Agreement was executed. (Doc. 15-1 at ¶¶ 2-3). The parties argue that the Agreement represents a fair and reasonable resolution of the Plaintiff's FLSA claim and request that the Court grant the Motion and dismiss the case with prejudice. (Doc. 15 at 9).

## II. Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III. Analysis**

**A. The Settlement**

The Plaintiff claims that he worked approximately two-and-a-half hours of overtime per week, but he was not paid overtime wages because the Defendant misclassified him as an exempt

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

employee. (Docs. 1-1 at ¶¶ 13-16; 15 at 5). The Defendant denies this claim and maintains that the Plaintiff is not entitled to overtime wages under the FLSA. (Docs. 4; 15 at 4). Thus, this case involves a disputed issue of coverage under the FLSA, creating a bona fide dispute under the FLSA.

The parties have been represented by counsel throughout this case and state that they "have exchanged pay records and made calculations regarding back pay assuming Plaintiff was a non-exempt employee under the FLSA." (Doc. 15 at 5). The Defendant agreed to accept the Plaintiff's claims concerning the amount of overtime he worked each week and pay the total amount to settle this case. (*Id*.). Although the motion papers do not provide any further details of the Plaintiff's unpaid overtime claim (for example, the parties have not provided the Plaintiff's hourly rate or overtime rate), the parties expressly represent that the amounts the Plaintiff is receiving under the Agreement "fully compensate Plaintiff for the time he claims he worked over and above (40) hours in a work week as a non-exempt employee." (*Id*.). In addition, the parties represent that the Plaintiff is also receiving the full amount of liquidated damages. (*Id*.). When, as in this case, a plaintiff does not compromise his FLSA claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Natera v. Mastercorp of Tennessee, Inc.*, Case No. 6:08-cv-2088-Orl-22DAB, 2009 WL 1515747, at *2 (M.D. Fla. June 1, 2009) (finding "[f]ull recompense of the [FLSA] damage claim is *per se* fair and reasonable"); *Siena v. Morris Publ'g Grp., LLC*, Case No. 3:08-cv-491-J-32MCR, 2008 WL 4097600, at *1 (M.D. Fla. Sept. 4, 2008) (citing authority). Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of the Plaintiff's FLSA claim.

### B. The Other Terms of the Agreement

The Agreement contains two provisions of note. The undersigned will address each provision in turn.

First, the Agreement contains a provision in which the Plaintiff agrees to release the Defendant and other released parties "from any and all claims arising under the FLSA . . . which Plaintiff has or might have as of the date of the execution of [the] Agreement." (Doc. 15-1 at ¶ 2(c)). This release is sufficiently narrow to allay any concern that the Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to his FLSA claim. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). Thus, the undersigned finds that the Agreement's release provision does not affect the fairness and reasonableness of the settlement.

Second, the Agreement contains a modification provision, which states:

> This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

(Doc. 15-1 at ¶ 11). This provision allows the parties to modify the Agreement at any time without Court approval. This provision, if used, would defeat the purpose of obtaining Court approval of the Agreement. *See Layton v. Percepta, LLC*, Case No. 6:17-cv-1488-Orl-41DCI, 2019 WL 1047325, at *2 (M.D. Fla. Feb. 13, 2019) *report and recommendation adopted*, 2019 WL 1040854 (M.D. Fla. Mar. 5, 2019). Thus, the undersigned recommends that the modification provision be stricken.[4]

The Agreement does not contain any other provisions that are generally found to undermine

---

[4] The Agreement permits the severability of the modification provision without affecting the remainder of the Agreement. (Doc. 15-1 at ¶ 8 ("Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language set forth in paragraph 2 above, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.")).

the fairness and reasonableness of an FLSA settlement. (*See* Doc. 15-1). Thus, the undersigned **RECOMMENDS** that the Court strike paragraph eleven of the Agreement and find that none of the other provisions of the Agreement affect the overall fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs.

The parties agreed that the Plaintiff's counsel will receive a total of $3,000.00 in attorney fees and cost. (Doc. 15-1 at ¶ 3(a)). The parties state that the attorney fees and costs "were negotiated separately from and without regard to the amount being paid to Plaintiff under the terms of the settlement agreement." (Doc. 15 at 8). The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount the Plaintiff is receiving under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, the undersigned **RECOMMENDS** that the Court find that the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

## IV. Conclusion

Accordingly, the undersigned respectfully **RECOMMENDS** that:

1. The Motion (Doc. 15) be **GRANTED** as follows:

    a. Paragraph eleven of the Agreement (Doc. 15-1 at ¶ 11) be **STRICKEN**.

    b. The Agreement (Doc. 15-1) otherwise be found to be a fair and reasonable settlement of the Plaintiff's FLSA claim.

2. The Motion (Doc. 15) be **DENIED** in all other respects.

3. The case be **DISMISSED WITH PREJUDICE**.

4. The Clerk be directed to close the case.

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on June 27, 2019.

*Leslie R. Hoffman*
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy